United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) ) |
| v. | ) ) ) ) ) | Criminal Case No. 22-20494-CR-Scola
| Jonathan Vasquez, Defendant. | ) |

**Order Denying Motion for Sentence Reduction
and for Compassionate Release**

This matter is before the Court on the Defendant Jonathan Vasquez's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and for compassionate release. (Def.'s Mot., ECF No. 98.) Without awaiting a response from the Government, the Court concludes Vasquez's motion lacks merit. Accordingly, after reviewing the motion, the record, and the relevant legal authorities, the Court **denies** Vasquez's motion for a reduction of sentence and for compassionate release. (**ECF No. 98**.)

1. **Background**

On April 20, 2023, Vasquez was sentenced to a term of imprisonment of 60 months and 2 years of supervised release after pleading guilty to one count of conspiracy to possess, with intent to distribute, five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70506(b). (ECF No. 64.) The Sentencing Guidelines range was 108 to 135 months of imprisonment.

Since Vasquez's sentencing, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders ("Amendment 821"), which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Vasquez now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 60 months in prison and 2 years of supervised release.

2. **Legal Standard**

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.* 18 U.S.C. § 3582 (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

Vasquez's motion fails for two principal reasons. First, upon sentencing him, the Court anticipated the adoption of § 4C1.1's adjustment for zero-point offenders and proactively applied the two-level reduction to Vasquez's offense level by way of a variance—hoping, to no avail, to avoid the need for further court intervention. Accordingly, Vasquez's sentence already accounts for the reduction. Further, even if the Court were to apply an *additional* two-point reduction, Vasquez's original sentence would still be lower than the bottom of the new guideline range (87 to 108 months), precluding further reduction: pursuant to the applicable policy statement, the Court cannot reduce a defendant's term of imprisonment below the minimum of the amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up).

As to this second point, the Court notes there is one narrow exception to this general rule, which does not apply here. Under subdivision (B), "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). This "comparably less" carveout, however, applies only to defendants who cooperated with the government and received a sentence reduction either under U.S.S.G. § 5K1.1 or Rule 35(b). When "[t]he Commission amended § 1B1.10(b)(2)," it "prohibit[ed] § 3582(c)(2) reductions below a prisoner's amended guidelines range, unless the original sentence had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities." *United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013); *see also United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335-36 (11th Cir. 2017) (same).

In this case, the Defendant did not provide any substantial assistance to the government. And there has been no "government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). Thus, he is ineligible for a sentence reduction based on this exception.

Finally, since the application of Amendment 821 would not reduce Vasquez's sentence, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, the Court **denies** Vasquez's motion for a reduction of his sentence (**ECF No. 98**).

**Done and ordered** at Miami, Florida on February 29, 2024.

_____
Robert N. Scola, Jr.
United States District Judge